**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00047-NYW

JOHN SEGURA,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

---

**ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

    This matter is before the court on Allstate's Motion for More Definite Statement [#7, filed on Jan. 11, 2016] and the Stipulated Motion to Amend Order Setting Scheduling/Planning Conference [#14, filed Feb. 23, 2016]. This case is before the undersigned Magistrate Judge pursuant to the Order of Reference dated February 19, 2016 [#13], D.C.COLO.LCivR 72.2(d) and 28 U.S.C. § 636(c).

**I.    Motion for More Definite Statement**

    On January 11, 2016, Defendant Allstate Fire and Casualty Insurance Company ("Allstate") filed a Motion for a More Definite Statement in which it alleged that the allegations in Plaintiff's Complaint are so vague or ambiguous that Allstate cannot reasonably prepare a response. [#7]. Plaintiff John Segura ("Plaintiff" or "Mr. Segura") brings three claims in the Complaint against Allstate for breach of contract, denying and delaying payment of under-insured motorist benefits to Mr. Segura without a reasonable basis, and bad faith arising out of

Mr. Segura's claims for under-insured motorist coverage stemming from an April 2014 automobile accident. [#4]. Allstate alleges that Mr. Segura is insured by three separate Allstate insurance policies and unless Mr. Segura specifies which of the policies he is alleging Allstate breached, unreasonably delayed benefits, and/or breached its duty of good faith, Allstate cannot reasonably prepare a response to his allegations.

Rule 12(e) demands a more definite statement of the plaintiff's claims when the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *see* also 5 C. Wright & A. Miller, Federal Practice and Procedure § 1376 (Rule 12(e) applies when the pleading is "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself"). "Motions for more definite statements under Rule 12(e) . . . are generally not favored by the courts because of the liberal pleading requirements embodied in Rule 8(a)." *Mullins v. I. C. Sys., Inc.*, No. 07-cv-00397-RPM-PAC, 2007 WL 1795871, at *2 (D. Colo. June 21, 2007) (citing *Daley v. Regional Transp. Dist.*, 142 F.R.D. 481, 485 at n.3 (D. Colo. 1992); *Classic Commc'ns, Inc. v. Rural Telephone*, 956 F. Supp. 910, 923 (D. Kan. 1997)). "If the opposing party is able to determine the issues he must respond to, the pleading is sufficient." *Id.* (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376; *Montagriff v. Adams Cnty School Dist. 14*, 128 F.R.D. 117, 1170-18 (D. Colo. 1989)).

Here, Allstate is able to determine the issue it must respond to and is on notice that Mr. Segura had coverage under three Allstate insurance policies. [#7 at 1]. Plaintiff has represented in briefing on the Motion for a More Definite Statement that his claims apply equally to all

policies available to him. And the court is not convinced that Allstate's quibble over whether the Complaint references a "contract" and an "insurance policy" in singular rather than plural form places Allstate in a position of being unable to frame a responsive pleading. Accordingly, the Motion for a More Definite Statement is **DENIED**, and Allstate is directed to file an Answer to the Complaint on or before **March 1, 2016**.

## II.     Motion to Amend Order Setting Scheduling/Planning Conference

On February 23, 2016, the Parties filed a Stipulated Motion to Amend Order Setting Scheduling/Planning Conference. [#14]. The Parties request an extension of the deadline for the Parties to exchange initial disclosures to be extended to fourteen days after this case is at issue. Pursuant to Fed. R. Civ. P 26(a)(1)(D), the court hereby grants a limited extension of the time to serve initial disclosures up to and including March 1, 2016.

## CONCLUSION

Consistent with the reasons set forth herein:

(1)     The court **DENIES** Allstate's Motion for a More Definite Statement [#7];

(2)     Allstate is directed to file an answer or otherwise respond to Plaintiff's Complaint on or before March 1, 2016;

(3)     The court **GRANTS IN PART** and **DENIES IN PART** the Stipulated Motion to Amend Order Setting Scheduling/Planning Conference [#14];

(4)     The Parties are to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before March 1, 2016; and

(5)     The parties or their counsel shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.6.0, including a copy of the

proposed scheduling order in a Word format sent via email to Wang_Chambers@cod.uscourts.gov, on or before March 1, 2016.

DATED: February 24, 2016         BY THE COURT:

                                 s/Nina Y. Wang_____
                                 United States Magistrate Judge